**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX ENRIQUE PACHECO SIERRA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72009<br><br>Agency No. A097-867-610<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Felix Enrique Pacheco Sierra, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for abuse of discretion the denial of a motion to reopen,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Pacheco-Sierra's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Pacheco-Sierra did not show prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

In the opening brief, Pacheco-Sierra does not challenge the BIA's determination that the motion to reconsider the denial of his cancellation of removal claim was not timely filed. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Finally, we lack jurisdiction to review Pacheco-Sierra's challenge to the immigration judge's denial of cancellation of removal and his related due process

claim, because the petition for review is not timely as to that order. *See Singh v.*

*INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**